**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JOSEPH GIFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-3276-CV-S-GAF-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, Joseph Gifford, made a claim under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and 1381, *et seq.* Plaintiff's claim was denied initially. On June 27, 2008, the administrative law judge ("ALJ") found that Plaintiff had the severe impairments of rib pain related to history of motor vehicle accident. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to lift and carry 25 pounds frequently and 50 pounds occasionally. Plaintiff was able to sit without limitation, stand 6 hours total during an 8-hour work day, and walk 4 hours total during an 8-hour work day. Plaintiff was limited to stooping, bending, crawling, pulling and climbing during less than 1/3 of an 8-hour work day. Plaintiff had no gross or fine motor deficits in the use of his hands, required no assistive device for ambulation, and was able to communicate normally in a work place. Plaintiff was also able to travel without restriction.

Based on the testimony of a vocational expert, the ALJ determined that Plaintiff was able to perform his past relevant work as a convenience store clerk. Consequently, the ALJ found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 8, 2009, making the decision of the ALJ the final decision of the Commissioner and subject to judicial review.

Review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. AStrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)). A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has further noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to disability benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. *See* 20 C.F.R. § 416.905. The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months.[1]

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

Plaintiff complains that the ALJ failed to properly assess the credibility of his subjective allegations. Credibility questions concerning a plaintiff' subjective testimony are "primarily for the ALJ to decide, not the courts." *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). To analyze a claimant's subjective complaints of pain, the ALJ must consider the entire record including the medical records, third party and plaintiff's statements, as well as such factors as: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. *See* 20 C.F.R. §§ 404.1529 and 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (discussing the factors that SSA should consider, which are incorporated in the current regulations and rulings); *see also* Social Security Ruling ("SSR") 96-7p (clarifying that the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individuals, and any other relevant evidence in the case record" in assessing credibility).

Plaintiff contends that the ALJ's credibility analysis was "cursory at best." But the ALJ addressed all of the evidence thoroughly in three pages of detailed discussion following the RFC finding. The ALJ analyzed the medical evidence and compared it to Plaintiff's subjective allegations. The Court must look at all of the ALJ's analysis, not just his summary or conclusion. *See Wiese v. Astrue*, 552 F.3d 728, 733-34 (8th Cir. 2009) ("Indeed, the ALJ wrote nearly four full pages of analysis . . . [i]n doing so, the ALJ provided a thorough analysis of the inconsistencies he noted in the record, and those inconsistencies are supported by the record.") (citing SSR 96-7p).

The ALJ found that Plaintiff's self-reported daily activities of preparing meals on a daily basis, going shopping in stores, leaving his residence three or four times per week, taking walks, riding in a car, going out alone, doing laundry, mowing grass, managing his finances, watching television, spending time on photography, and socializing with his girlfriend, were inconsistent with a disabling level of pain. *See Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) ("[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."); *Johnson v. Apfel*, 240 F.3d 1145, 1149 (8th Cir. 2001) (holding that the fact that claimant was able to carry on a normal life contributes to the finding that his impairments were not disabling); *Jenkins v. Chater*, 76 F.3d 231, 232-33 (8th Cir. 1996) (finding that driving a car, running errands, visiting others, and attending church was inconsistent with disabling pain); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (finding that carrying grocery bags, taking out garbage, and driving wife to work were inconsistent with disabling pain).

Additionally, the ALJ did not rely on Plaintiff's daily activities in finding his allegations of pain not entirely credible. The ALJ noted that the medical records did not support Plaintiff's claim of disability. The ALJ noted that Plaintiff has received very little medical treatment since his motorcycle accident in 2003. Plaintiff's allegations of disabling pain may be discredited by evidence that he has received minimal medical treatment and has taken only occasional pain medications. *See Singh v. Apfel*, 222 F.3d 448, 453 (8th Cir. 2000). Significantly, the ALJ also remarked that no doctor who has examined Plaintiff has opined that he was disabled, despite Plaintiff's express inquiry to Dr. Ramsey. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996) (holding that lack of significant

4

restrictions imposed by treating physicians supported the ALJ's decision of no disability)); *see also Choate v. Barnhart*, 457 F.3d 865, 870 (8th Cir. 2006) ("There is no indication in the treatment notes that either Dr. Freiman or any of Choate's other doctors restricted his activities, or advised him to avoid prolonged standing or sitting"). In fact, both Dr. Ramsey, Plaintiff's primary care physician, and Dr. Kime, a treating physician, recommended that Plaintiff engage in daily exercise as part of his treatment plan.

Plaintiff objects to the ALJ recounting of Plaintiff's statement to Dr. Lewis, a consulting physician, that he did not agree with taking pain medication. Plaintiff characterizes the ALJ's recitation of this fact as using his beliefs against him. However, Plaintiff's "decision not to take pain medication was a valid factor for the ALJ to consider." *Baker v. Barnhart*, 457 F.3d 882, 893 (8th Cir. 2006); *see also Choate*, 457 F.3d at 872 ("[A]n ALJ may properly consider the claimant's . . . failing to take prescription medications, seek treatment, and quit smoking.").

Plaintiff further contends that the ALJ committed reversible error by giving controlling weight to the consultative examiner, Dr. Lewis. While the report of a consulting physician who examined a claimant once generally does not constitute substantial evidence upon the record as a whole, exceptions exist to this general rule. *See Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (citing *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir. 1985)). Exceptions to the general rule have been recognized where the one-time medical assessments are supported by better or more thorough medical evidence and where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *See Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir. 2003) (citations omitted).

In this case, Dr. Lewis's opinion was best supported as it was the only definitive opinion in the record. The ALJ stated that he was giving controlling weight to Dr. Lewis's opinion, since he performed a comprehensive physician examination of Plaintiff, and his findings were inconsistent with the other medical evidence of record. Plaintiff contends that because Dr. Lewis did not have access to Plaintiff's medical records, his opinion should not be credited. While in some cases, that fact might be meaningful, here, Plaintiff's medical records are hardly extensive. Moreover, the doctors who did have access to his medical records, including his x-rays, specifically declined to opine that Plaintiff was disabled.

Although he did not have Plaintiff's x-rays, Dr. Lewis conducted a thorough examination of Plaintiff. Dr. Lewis noted that Plaintiff had a normal gait and station and walked without difficulty. Dr. Lewis remarked that Plaintiff's motor strength in all extremities was 5/5, which did not reveal any atrophy. Dr. Lewis's conclusion, that Plaintiff had mild difficulty with orthopedic maneuvers, but had full strength in all extremities, and largely had full range of motion except for his left shoulder, is consistent with the VA records, which showed only mild degenerative changes, or osteoarthritis, neither of which support Plaintiff's contention that he is disabled. *See Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998) (finding that while x-rays showed that claimant suffered from mild degenerative arthritis, the fact that the arthritis does not cause any restriction in gait or motion in joints, any muscle spasm atrophy, any reflex, motor or sensory deficits, or any persistent joint pain, tenderness, stiffness, or swelling precluded a finding of disability).

In this case, no physician opined that Plaintiff is disabled. As the ALJ noted, Dr. Ramsey, a treating physician, specifically declined to opine that Plaintiff was disabled, and informed him that her opinion would likely hurt his chances of obtaining disability benefits. Dr. Ramsey's statement

6

is significant in that it demonstrates that no physician who examined Plaintiff found limitations consistent with disability. *See Young*, 221 F.3d at 1069 (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996) (holding that lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability)). In fact, both Dr. Ramsey and Dr. Kime recommended that Plaintiff increase his exercise level.

Plaintiff next complains that the ALJ did not recontact Dr. Lewis to review newly obtained x-rays. The ALJ is required to order additional medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b). Plaintiff presented the ALJ with records detailing his motorcycle accident and current treatment. The ALJ accepted the evidence as accurate, and based his assessment of Plaintiff's non-disability on them. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). There was no conflicting evidence, and the record in its entirely was sufficient for the ALJ to determine whether Plaintiff was disabled. The ALJ was, therefore, not required to order additional examinations. *See Barrett*, 38 F.3d at 1023.

As the ALJ noted, Dr. Lewis's opinion was consistent with the evidence as a whole, including treatment notes from the VA. Given that Dr. Ramsey declined to opine that Plaintiff was disabled, and that none of the treatment notes from the VA indicate any restrictions, the ALJ properly relied on Dr. Lewis's conclusion as a consulting physician. *See Lacroix v. Barnhart*, 465 F.3d 881, 886-87 (8th Cir. 2006) (affirming ALJ's decision to give more weight to an examining

physician's opinions than to claimant's therapists' opinions, when the therapists were not acceptable medical sources and their opinions were not supported by objective psychological tests, were inherently inconsistent, and were inconsistent with other evidence in the record). The ALJ properly evaluated the medical opinion evidence, and his decision is supported by substantial evidence.

In conjunction with determining Plaintiff's RFC, the ALJ determined that Plaintiff's subjective complaints and alleged limitations were inconsistent with the clinical and objective findings. As discussed above, the ALJ listed numerous credibility factors that weighed against Plaintiff. The ALJ then incorporated into Plaintiff's RFC finding those impairments and restrictions the ALJ found credible. *See McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) ("The ALJ properly limited his RFC determination to only the impairments and limitations he found to be credible based on his evaluation of the entire record.").

Plaintiff contends that the ALJ failed to include a narrative discussion of the evidence in assessing her RFC, as required in SSR 96-8p. The ALJ is not required to provide each limitation in the RFC immediately followed by a list of the specific evidence supported this limitation. *See* SSR 96-8p. To require the ALJ to do so would not only undermine the Eighth Circuit's directive that the RFC be based on "all of the relevant evidence," but would result in duplicative discussions of the same evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *see also Barnhart v. Thomas*, 540 U.S. 20, 28-29 (2003) (noting that "the Social Security hearing system is probably the largest adjudicative agency in the western world [and] the need for efficiency is self-evidence) (internal quotation and punctuation marks omitted). As discussed above, the body of the ALJ's decision makes it clear that he considered all of Plaintiff's alleged impairments thoroughly and in detail. The ALJ properly formulated Plaintiff's RFC based on the credible evidence of record.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

                                                                      <u>s/ Gary A. Fenner</u>
                                                                      Gary A. Fenner, Judge
                                                                      United States District Court

DATED:   July 26, 2010